EDMUND G. BROWN JR. Attorney General GREGORY L. GONOT Deputy Attorney General
THE HONORABLE STEVE COOLEY, DISTRICT ATTORNEY, COUNTY OF LOS ANGELES, has requested an opinion on the following question:
May a person serve simultaneously on the board of directors of the Metropolitan Water District of Southern California as the representative of the West Basin Municipal Water District and on the board of directors of the Water Replenishment District of Southern California?
 CONCLUSION
A person may not serve simultaneously on the board of directors of the Metropolitan Water District of Southern California as the representative of the West Basin Municipal Water District and on the board of directors of the Water Replenishment District of Southern California. *Page 2 
 ANALYSIS
The Metropolitan Water District of Southern California ("MWD") is governed by and subject to the provisions of the Metropolitan Water District Act of 1969 (Stats. 1969, ch. 209, §§ 1-551; "MWD Act"; see 4 Deering's Ann. Wat. — Uncod. Acts (1970 ed.) Act 9129b, §§ 1-551, pp. 382-444, (2006 supp.) Act 9129b, §§ 1-551, pp. 219-244; West's Ann.Wat. — Appen. (1995) ch. 109, §§ 1-551, pp. 5-126).[1] MWD is made up of 26 member agencies: 14 cities, 11 municipal water districts, and 1 county water authority. Its purposes are to develop, store, and deliver water as needed by its member agencies. (§ 25.)
The West Basin Municipal Water District ("WBMWD") was created in 1947 pursuant to the Municipal Water District Law of 1911 (Wat. Code, §§71000-73001). WBMWD is a member agency of MWD and delivers water purchased from MWD to cities, water agencies, and utilities in southwest Los Angeles County.
The Water Replenishment District of Southern California ("WRD") was created in 1959 pursuant to the Water Replenishment District Act (Wat. Code, §§ 60000-60622). Its purpose is to replenish groundwater supplies within its boundaries. (Wat. Code, §§ 60220-60232.) It buys water from WBMWD to accomplish this purpose. It has a five-person, publicly elected board of directors whose members serve four-year terms. (Wat. Code, §§ 60131, 60134.) While WRD is not a member agency of MWD and does not purchase water directly from MWD, it is one of the largest single purchasers of MWD water through its purchases from WBMWD and another water district.
We are asked whether a member of the board of directors of MWD who serves as the appointed representative of WBMWD may simultaneously serve on the WRD board of directors. We conclude that the person may not simultaneously serve as a WRD director.
Until recently, the traditional analysis concerning whether two public offices may be held at the same time began and ended with an examination of the common law rule prohibiting the holding of incompatible offices. (See People ex rel. Chapman v. Rapsey (1940) 16 Cal.2d 636, 642;People ex rel. Deputy Sheriffs' Assn. v. County of Santa Clara (1996) 49 Cal.App.4th 1471, 1481; 81 Ops.Cal.Atty.Gen. 344, 345 (1998).) In 2005, the Legislature codified the common law rule by enacting Government Code section 1099 (Stats. 2005, ch. 254, § 1), which now governs this question. (89 Ops.Cal.Atty.Gen. 152 (2006).) *Page 3 
Government Code section 1099 states:
 "(a) A public officer, including, but not limited to, an appointed or elected member of a governmental board, commission, committee, or other body, shall not simultaneously hold two public offices that are incompatible. Offices are incompatible when any of the following circumstances are present, unless simultaneous holding of the particular offices is compelled or expressly authorized by law:
 "(1) Either of the offices may audit, overrule, remove members of, dismiss employees of, or exercise supervisory powers over the other office or body.
 "(2) Based on the powers and jurisdiction of the offices, there is a possibility of a significant clash of duties or loyalties between the offices.
 "(3) Public policy considerations make it improper for one person to hold both offices.
 "(b) When two public offices are incompatible, a public officer shall be deemed to have forfeited the first office upon acceding to the second. This provision is enforceable pursuant to Section 803 of the Code of Civil Procedure.
 "(c) This section does not apply to a position of employment, including a civil service position.
 "(d) This section shall not apply to a governmental body that has only advisory powers.
 "(e) For purposes of paragraph (1) of subdivision (a), a member of a multimember body holds an office that may audit, overrule, remove members of, dismiss employees of, or exercise supervisory powers over another office when the body has any of these powers over the other office or over a multimember body that includes that other office.
 "(f) This section codifies the common law rule prohibiting an individual from holding incompatible public offices."
In an uncodified portion of the legislation, the Legislature declared: *Page 4 
 "Nothing in this act is intended to expand or contract the common law rule prohibiting an individual from holding incompatible public offices. It is intended that courts interpreting this act shall be guided by judicial and administrative precedent concerning incompatible public offices developed under the common law." (Stats. 2005, ch. 254, § 2.)
Pursuant to Government Code section 1099 and established precedent, a person may not simultaneously hold two public offices if there is any significant clash of duties or loyalties between the offices, if the dual office holding would be improper for reasons of public policy, or if either office exercises a supervisory, auditing, or removal power over the other. (Gov. Code, §1099, subd. (a); see People ex rel. Chapman v.Rapsey, supra, 16 Cal.2d 636; 81 Ops.Cal.Atty.Gen., supra, at p. 345.) For the prohibition to apply, each position must be a "public office," and not merely "a position of employment" (Gov. Code, § 1099, subd. (c); see 58 Ops.Cal.Atty.Gen. 109,111 (1975)), and there must be an "absence of statutes suggesting a contrary result" (38 Ops.Cal.Atty.Gen. 113, 113 (1961); see Gov. Code, § 1099, subd. (a); 81 Ops.Cal.Atty.Gen., supra, at p. 345; 78 Ops.Cal.Atty.Gen. 60, 62-63
(1995)). The consequence of holding incompatible offices is that the person is deemed to have forfeited the first office upon accepting the second. (Gov. Code, § 1099, subd. (b); People exrel. Chapman v. Rapsey, supra, 16 Cal.2d at p. 644; see 3 McQuillin, Municipal Corporations (3d ed. 2001) § 1267, p. 367.)
With respect to a person serving as an MWD director and as a WRD director at the same time, we first consider whether, for purposes of the incompatible offices prohibition, these two positions are public offices. Here, it cannot be claimed that either is merely "a position of employment." We have previously determined that a director of a public water agency holds a public office for purposes of the incompatible offices doctrine. (See, e.g., 85 Ops.Cal.Atty.Gen. 60, 61 (2002) [municipal water district]; 82 Ops.Cal.Atty.Gen. 68, 69 (1999) [county water district]; 76 Ops.Cal.Atty.Gen. 81, 83 (1993) [special act water district, irrigation district]; 75 Ops.Cal.Atty.Gen. 10, 13 (1992) [California water district]; 73 Ops.Cal.Atty.Gen. 183, 185 (1990) [community services district water agency]; 44 Ops.Cal.Atty.Gen. 37
(1964) [special act water agency].) Accordingly, we have no doubt that directors of MWD and of WRD hold public offices for purposes of the incompatible offices rule.
Here, the person is serving on the MWD board as the appointed representative of WBMWD, a member agency of MWD. As previously mentioned, MWD is a regional water agency made up of constituent water agencies, each of which has a representative on the MWD board, and MWD exists to develop, store, and furnish water as needed by its member agencies. *Page 5 
It would be anomalous to apply the incompatible offices rule in these unique circumstances to prevent a representative of a member agency to sit on MWD's board due to possible "divided loyalties." The reason the member agency's representative is on the MWD board is to assert and promote the interests of the agency he or she is representing. The avoidance of "divided loyalties," the main purpose of the incompatible offices rule, simply has no application in the situation where one public agency is a member of another public agency and is required to appoint a "representative" to assert its interests on the latter agency's board of directors. Application of the rule in these circumstances would remove the person from the first office, potentially losing his or her knowledge of the interests that are to be represented.
We analyzed a similar set of circumstances in 67 Ops.Cal.Atty.Gen. 369
(1984), where a water district director served simultaneously as a county water agency director. The district was a constituent member of the agency, which had as its purpose to aid its member districts in solving "county-wide water problems on a coordinated basis." (Id. at p. 380.) We "concluded that the common law rule against holding incompatible offices does not prevent the dual office holding under discussion herein." (Ibid.; see also American Canyon Fire ProtectionDist. v. County of Kern (1983) 141 Cal.App.3d 100, 104-106 [incompatible offices doctrine does not prevent a county supervisor from serving as a county district director]; People v. Carter (1936) 12 Cal.App.2d 105,110-111 [incompatible offices doctrine does not prevent a city mayor from serving on MWD's board of directors as the city's representative].)
In 1969 (Stats. 1969, ch. 441, § 13), the Legislature expressly codified this principle with respect to MWD. Section 56 now states:
 "Any member of a governing body of a member public agency may be appointed by that agency to the board of a district to serve as the agency's representative, except that in the case of agencies with several such representatives a majority of the members of the governing body of that agency may not be so appointed by that agency to serve as representatives on the board of the district. Any director holding such dual offices shall not vote upon any contract between a district and the member public agency he or she represents on the district's board."
Accordingly, the incompatible offices rule would not prevent WBMWD from selecting a WBMWD director to serve on the MWD board. However, this exception has no application to a potential incompatibility arising from dual service on the MWD board and the WRD board. Hence, if WBMWD were to select a WRD director to serve as its representative on the MWD board, we must apply traditional incompatible office principles *Page 6 
to determine whether a proscribed conflict of interest would arise for a person holding these two offices.
A review of the functions and purposes of WRD and MWD reveals that they have different interests. As previously mentioned, WRD is charged with replenishing groundwater supplies within its boundaries. (Wat. Code, §§ 60220-60232.) The interests of MWD, on the other hand, are much broader in that they include developing, storing, and delivering water as needed by its member agencies. For example, WRD may favor importing water from distant areas rather than programs that might reduce groundwater supplies within the district. However, replenishing groundwater from distant areas may not always be consistent with MWD's broader interests. When water supplies are plentiful, MWD might promote water sales at a time that WRD has no particular need to purchase water. A program to promote the use of recycled water might not have the same effect upon WRD's interests as it does upon MWD's interests. Moreover, MWD's decisions to sell water to WRD through WBMWD and another water district will determine WRD's success in meeting its statutory duties. Thus, MWD exercises a measure of control over WRD in the accomplishment of the latter's policy goals. In sum, MWD may wish to adopt programs that subsidize, encourage, or discourage activities affecting its broad interests in selling water rather than promoting the limited interests of WRD in purchasing water.
A person serving as an MWD director and as a WRD director would thus be faced with the "possibility of a significant clash of duties or loyalties between the offices." (Gov. Code, § 1099, subd. (a)(2).) Accordingly, we find the holding of these two offices to be incompatible; upon acceding to the office of MWD director, the office of WRD director "shall be deemed to [be] forfeited." (Gov. Code, § 1099, subd. (b).)[2]
We conclude that a person may not serve simultaneously on the board of directors of MWD as the representative of WBMWD and on the board of directors of WRD.
[1] All references hereafter to this uncodified act are by section number only as found in West's Annotated Codes and Deering's California Codes Annotated. (See Antelope Valley v. East Kern Water Agency (1998)204 Cal.App.3d 990, 992, fn. 2; 89 Ops.Cal.Atty.Gen. 55, fn. 1 (2006).) The MWD Act was originally enacted in 1927 (Stats. 1927, ch. 429) and renumbered and reenacted in 1969.
[2] Of course, if an MWD director were to be elected to the WRD board, the office of MWD director would be the one forfeited. *Page 1